No. 675　　　　July 15, 2026　　　　553

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Chris HAYES,
*Plaintiff-Appellant,*

*v.*

Scott Joseph EICHORN,
*Defendant-Respondent.*

Clackamas County Circuit Court
22CV39682; A181121

Michael C. Wetzel, Judge.

Argued and submitted March 7, 2025.

Chris Hayes argued the cause and filed the briefs appellant *pro se.*

Danica E. Skeoch argued the cause for respondent. Also on the brief was The Barnett Firm, LLC.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this dispute over payment regarding a construction contract, plaintiff, appearing *pro se*, appeals from a general judgment of dismissal that was entered after the trial court granted defendant's motion for summary judgment on all of plaintiff's claims. In his sole assignment of error, plaintiff asserts that the court erred in granting the summary judgment motion and subsequently entering the judgment dismissing the case. We affirm.

Although plaintiff's brief identifies several disagreements with how the trial court ruled—including that the court failed to follow the summary judgment standard and that "the ultimate facts which constituted the entire basis of the claim were not given consideration by an impartial factfinder, nor was any judicial reasoning given by the court with respect to the evidence submitted"—the briefing and the underlying record do not establish that the trial court committed any legal error in entering the judgment.[1] *See State v. Cunningham*, 337 Or 528, 538-39, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005) (explaining that appellate courts review questions of law and a trial court's legal conclusions for "legal error"; that is, to determine whether the trial court correctly interpreted and applied the law).

A party in a civil action may move "for a summary judgment in that party's favor as to all or any part of any claim or defense." ORCP 47 A (claimant); ORCP 47 B (defendant). The moving party is entitled to summary judgment if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to

---

[1] At the summary judgment hearing on March 22, 2023, the trial court stated that it was its understanding that plaintiff's written response to defendant's motion for summary judgment had been rejected from being filed with the court. Plaintiff informed the court that upon receiving notice that his filing had been rejected for not paying a filing fee, he paid the fee, talked to the supervisor, and "got everything straightened out"—he represented that he filed it. The transcript reflects that the trial court obtained a copy of plaintiff's response from defendant's counsel after not being able to locate the response in the court file and had read the submissions prior to the hearing. The trial court file originally provided to us does not contain plaintiff's response to defendant's motion for summary judgment and it is not listed in the court register as having been filed. However, upon inquiry with the trial court, it was able to obtain a copy of the response and provide it to us. We have considered it as part of the record on appeal.

any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. A "material" fact is one that, "under applicable law, might affect the outcome of a case." *Ghiglieri v. Tomalak*, 304 Or App 717, 718, 469 P3d 262 (2020) (internal quotation marks omitted).

> "No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

ORCP 47 C. The existence of competing reasonable inferences must be considered in making that assessment. *Van Osdol v. Knappton Corporation*, 91 Or App 499, 502, 755 P2d 744, *rev den*, 306 Or 528 (1988). Applying that standard here, we conclude that the trial court did not err when it concluded that plaintiff was prohibited under ORS 701.131(1) from bringing a lawsuit, because he did not have a valid contractor's license at the time the work at the center of his claim was performed.[2]

We separately—and briefly—address a constitutional issue raised by plaintiff. In his opening brief, plaintiff makes broad statements concerning lack of due process and the unconstitutional nature of dismissal of claims "without having had a meaningful adjudication"; however, his arguments are not developed, and we cannot step out of our role as neutral arbiter to develop them for him. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (we will not "make or develop a party's argument"). Although plaintiff raises a more detailed constitutional argument in his reply brief,

---

[2] ORS 701.131(1) provides, in part,

"a contractor may not perfect a construction lien, file a complaint with the Construction Contractors Board or commence an arbitration or a claim in a court of this state for compensation for the performance of any work or for the breach of any contract for work that is subject to this chapter, unless the contractor had a valid license issued by the board and properly endorsed for the work performed:

"(a) At the time the contractor bid or entered into the contract for performance of the work; and

"(b) Continuously while performing the work for which compensation is sought."

"[w]e do not consider arguments for reversal of a trial court ruling raised for the first time in a reply brief." *Belgarde v. Linn*, 205 Or App 433, 438, 134 P3d 1082, *rev den*, 341 Or 197 (2006). In addition, plaintiff acknowledged at oral argument that he did not specifically raise the remedy clause of Article I, section 10, of the Oregon Constitution before the trial court; therefore that constitutional issue was not preserved for appeal. For those reasons, we reject plaintiff's constitutional arguments.

Because plaintiff has not identified any reversible error, we affirm.

Affirmed.